**ANDERSON & KARRENBERG**
Jared D. Scott (#15066)
Jacob W. Nelson (#16527)
50 West Broadway, Suite 600
Salt Lake City, UT 84101-2035
Telephone: (801) 534-1700
jscott@aklawfirm.com
jnelson@aklawfirm.com

**BURSOR & FISHER, P.A.**
Yitzchak Kopel (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
ykopel@bursor.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CATHY ALEXANDER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LUMIO, INC., LUMIO HX, INC., LUMIO HOLDINGS, INC.,<br><br>    Defendants. | **CLASS ACTION COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>Case No. 2:23-cv-00138-JCB<br><br>Honorable Jared C. Bennett |

Plaintiff Cathy Alexander ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Lumio, Inc., Lumio HX, Inc., and Lumio Holdings, Inc. (collectively, "Lumio" or "Defendants") regarding Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), and the Florida Telephone Solicitation Act, § 501.059, *et seq.* ("FTSA").  Plaintiff brings this Class Action Complaint to stop Defendants' practices of (1) placing calls to Florida consumers using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent; (2) calling consumers nationwide using pre-recorded messages who did not provide their prior express written consent to receive them; and (3) calling persons listed on the National Do Not Call Registry.  Plaintiff also seeks to obtain redress for all persons injured by Defendants' conduct.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendants because Defendants reside in this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District.

## PARTIES

4. Plaintiff Cathy Alexander, at all times mentioned herein, has resided in and has been a citizen of the State of Florida living in Deland, Florida.

5. Defendant Lumio, Inc. is a corporation organized under the laws of Delaware,

1

with a principal place at 1550 Digital Drive, Suite 500, Lehi, UT 84043.  Defendant Lumio, Inc. conducts business in this District and throughout the United States.

6. Defendant Lumio HX, Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 1550 Digital Drive, Suite 500, Lehi, UT 84043.  Defendant Lumio HX, Inc. conducts business in this District and throughout the United States.

7. Defendant Lumio Holdings, Inc. is a corporation organized under the laws of Delaware, with a principal place of business at 1550 Digital Drive, Suite 500, Lehi, UT 84043.  Defendant Lumio Holdings, Inc. conducts business in this District and throughout the United States.

8. Defendants Lumio, Inc., Lumio HX, Inc., and Lumio Holdings, Inc. collectively operate in furtherance of the business objectives of Lumio for its solar services.  At all times relevant hereto, Defendants acted as agents of one another and work in conjunction with one another on an operational level.  Such operations include a common scheme to engage in telemarketing for the purposes of marketing and selling Lumio's solar services to consumers.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff's phone number has been registered with the National Do-Not-Call Registry since October 19, 2021.  Plaintiff was the subscriber who registered her residential phone number on the National Do-Not-Call Registry.

10. Defendants are a solar company that generate substantial profits from soliciting their consumer services through telemarketing.

11. Defendants and/or one of Defendants' agents called Plaintiff on her cellular telephone from the number (407) 573-7195 on December 9, 2021.

12.     Defendants and/or one of Defendants' agents placed this call using an automated system for the selection or dialing of telephone numbers and the playing of an artificial or prerecorded voice without Ms. Alexander's prior consent.

13.     When Plaintiff answered Defendants' call it began immediately, using a pre-recorded voice.

14.     Thereafter, a recording played with an artificial and/or pre-recorded message seeking to sell solar equipment.  Plaintiff was then transferred to a live agent for the purposes of selling Lumio solar equipment.  Plaintiff told the representative that she was not interested.

15.     On December 14, 2021, Plaintiff rejected a call from the number (407) 573-7195.  Upon information and belief, this call was made by Defendants or one of Defendants' agents for the purposes of selling solar equipment from Lumio.

16.     On December 20, 2021, Defendants or one of Defendants' agents placed another prerecorded call to Plaintiff from the number (407) 573-7195 for the purposes of selling solar equipment from Lumio.  This call was made using an artificial and/or prerecorded voice.  When Plaintiff was transferred to a live agent, she informed him that she was not interested in Defendants' product.

17.     Prior to the calls at issue in this action, Ms. Alexander had not had any contact with Defendants nor used any of Defendants' services.  She has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendants.  Moreover, Plaintiff has no interest in or use for solar panels.

18.     Defendants knowingly made (and continue to make) prerecorded and unsolicited telemarketing calls to the telephones of Plaintiff and other consumers without the prior express

written consent of the call recipients.

19. In making these calls, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA and FTSA. Such calls are also harassing and a nuisance for Plaintiff and putative class members.

## CLASS ACTION ALLEGATIONS

20. **Class Definitions**: Plaintiff brings this Complaint against Defendants, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following Classes:

> **National Telemarketing Class**: All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendants; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").
>
> **National DNC Class**: All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendants or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry throughout the Class Period.
>
> **Florida Subclass**: All Florida residents that received a telephonic sales call from Defendants or their agents using an automated system for the selection or dialing of telephone numbers and/or the playing of a recorded message at any time during the Class Period.

21. Plaintiff represents, and is a member of, the proposed Classes. Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

22.     **Numerosity.**  Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendants' business, that the Classes are so numerous that individual joinder would be impracticable.

23.     **Existence and predominance of common questions of law and fact.**  Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

24.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

25.     The proposed Classes can be identified easily through records maintained by Defendants.

26.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class.  Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express consent;

    b. Whether Defendants' conduct was knowing and/or willful;

    c. Whether Defendants are liable for damages, and the amount of such damages; and

    d. Whether Defendants should be enjoined from engaging in such conduct in the

future.

27. **Typicality.**  Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received pre-recorded calls on their telephones without their prior express written consent.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes and has no interests which are antagonistic to any member of the proposed classes.

28. **Adequacy of Representation.**  Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

29. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

30. **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

31. Classwide relief is essential to compel Defendants to comply with the TCPA and FTSA.

32. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA and FTSA are relatively small.

33. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

34. Defendants have acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

35. Moreover, on information and belief, Plaintiff alleges that the TCPA and FTSA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq***.**

36. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the National Telemarketing Class and National DNC Class against Defendants.

37. The foregoing acts and omissions of Defendants and/or their agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*. Such acts include, but are not necessarily limited to, the calls made to Plaintiff on December 9, 2021, December 14, 2021, and December 20, 2021, as described herein.

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

40.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

41.     Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of this Complaint as if fully stated herein.  Plaintiff brings this claim individually and on behalf of the National Telemarketing Class and National DNC Class against Defendants.

42.     The foregoing acts and omissions of Defendants and/or their agents constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*  Such acts include, but are not necessarily limited to, the calls made to Plaintiff on December 9, 2021, December 14, 2021, and December 20, 2021, as described herein.

43.     As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

45.     Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF § 501.059(8)(a), Fla. Stat.

46.     Plaintiff incorporates by reference paragraphs one (1) through thirty-six (36) of this Complaint as if fully stated herein.  Plaintiff asserts this claim individually and on behalf of

the Florida Subclass against Defendants.

47. The FTSA provides that a "person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." § 501.059(8)(a).

48. Defendants and their agents knowingly and willfully called Plaintiff and members of the Florida Subclass in violation of § 501.059(8)(a) using an automated system for the selection or dialing of telephone numbers for telemarketing purposes. Defendants and its agents also knowingly and willfully called Plaintiff and members of the Florida Subclass in violation of § 501.059(8)(a) using a recorded message for telemarketing purposes. Such calls include, but are not necessarily limited to, the calls made to Plaintiff on December 9, 2021, December 14, 2021, and December 20, 2021, as described herein. Further, for Plaintiff and members of the Florida Subclass, Defendants do not possess a written agreement that (1) bears the signature of the called party, (2) clearly authorizes Defendants or its agents to place telephonic sales calls using an automated system for the selection or dialing of telephone numbers, (3) includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered, and (4) includes a clear and conspicuous disclosure informing the called party that (a) by executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and (b) he or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an

agreement as a condition of purchasing any property, goods, or services.

49.  Plaintiff, individually and on behalf of the members of the Florida Subclass, seeks to recover statutory damages (including treble damages for willful violations), as well as injunctive and equitable relief under § 501.059(10)(a).  Plaintiff also seeks to recover attorney's fees and costs under § 501.059(11)(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendants:

a.  Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b.  As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.  As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

d.  Judgment against Defendants, and in favor of Plaintiff and the other Class Members in the amount of $500 per violation of the FTSA as proven at trial;

e.  Judgment against Defendants, and in favor of Plaintiff and the other Class Members in the amount of $1,500 per knowing and willful violation of the FTSA as proven at trial;

    f.    An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

    g.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

    h.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 24, 2023

**ANDERSON & KARRENBERG**

By: */s/ Jared D. Scott*
      Jared D. Scott
      Jacob W. Nelson

**BURSOR & FISHER, P.A.**
Yitzchak Kopel (*pro hac vice* forthcoming)

*Attorneys for Plaintiff*